**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

MERIAKA J. HILL,

    Plaintiff,

vs.

WALTER L. DOTY, UNITED STATES
MARSHALS SERVICE, and UNITED
STATES OF AMERICA,

    Defendants.

Case No:
Div.:
Jury Demanded

**COMPLAINT**

COMES NOW, the Plaintiff, MERIAKA J. HILL ("Plaintiff") and brings this civil action for negligence and personal injuries, pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. §§ 2671, *et seq.*), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b), against the Defendants, WALTER L. DOTY ("Mr. Doty" or "Defendant Doty"), UNITED STATES MARSHALS SERVICE ("USMS"), and the UNITED STATES of AMERICA ("USA"), (collectively, "Defendants"), and in support of her Complaint would show unto the Court as follows:

**JURISDICTION AND VENUE**

1. This is an action for negligence and personal injuries being brought pursuant to the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*), 28 U.S.C. § 1346(b)(1) and 28 U.S.C. § 2401(b).

2. All conditions precedent to filing this action have been complied with, expired, and/or waived.

3. Specifically, Plaintiffs have complied with all provisions precedent to filing this action, including the notice requirements set forth in 28 U.S.C. § 2675(a).

4. Pursuant to 28 U.S.C. § 2401(b), 39 C.F.R. § 912.9(a), 28 U.S.C. § 1346(b)(1) and the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*), governmental immunity is not a bar to this action and Plaintiff is legally permitted to pursue this action following a denial of her administrative claim for personal injuries or the expiration of one (1) year after filing the claim (Claim No. 52699) ("Claim").

5. In particular, Plaintiff's Claim for personal injuries arose from a motor vehicle accident involving Plaintiff and Defendant, Walter L. Doty, which occurred on February 6, 2020 in Memphis, Shelby County, Tennessee ("subject accident"), in which Plaintiff suffered significant personal injuries as a result of the negligence of Defendant Doty and the subject accident, as discussed in greater detail below.

6. Additionally, Plaintiff timely filed her Claim, pursuant to 28 U.S.C. § 2401(b), by timely serving notice of her Claim on Defendant USMS on January 6, 2021, which was less than two (2) years after the date of accrual of Plaintiff's claims (specifically, the date of the subject accident, which occurred on February 6, 2020), in accordance with 28 U.S.C. § 2401(b).[1]

---

[1] See the correspondence from Plaintiff's Counsel, Blake Swan, Esq. ("Mr. Swan") to Defendant USMS, dated January 6, 2021 ("January 6, 2021 Claim Letter"), regarding Plaintiff's Claim for personal injuries, which was sent to USMS on the aforementioned date, along with other documents relevant to Plaintiff's Claim (submitted herewith as **Exhibit A**).

See also, Plaintiff's Form 95 regarding her Claim, which was executed by Mr. Swan on behalf of Plaintiff and submitted to USMS, along with the January 6, 2021 Claim Letter and other documents relevant to Plaintiff's Claim, on the aforementioned date (submitted herewith as **Exhibit A-1**).

See further, the "Authority to Represent" ("Affidavit"), which was executed by Plaintiff on February 6, 2020. A copy of the Affidavit was submitted to USMS, along with the January 6, 2021 Claim Letter and other documents relevant to Plaintiff's Claim, on January 6, 2021 (submitted herewith as **Exhibit A-2**).

7. Plaintiff files this Complaint in the instant action, pursuant to 28 U.S.C. § 2401(b), after her Claim was pending with USMS since January 6, 2021 and has yet to be adjudicated.

8. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1391(e)(1), because the United States Marshals Service ("USMS") and the United State of America ("USA") are a Defendant in the instant action and Defendant, Walter L. Doty is, was and at all times relevant hereto, acting within the course and scope of her employment as an employee and/or agent of Defendant, USMS at, or prior to, the time of the subject accident.

9. Additionally, a "substantial part of the events or omissions giving rise" to Plaintiff's claims in the instant action (specifically the subject accident and all events relevant thereto), occurred in Memphis, Shelby County, Tennessee.

10. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs and reasonable attorneys' fees.

## PARTIES

11. Plaintiff, Meriaka J. Hill ("Plaintiff" or "Ms. Hill") is, and at all times relevant to the allegations contained herein, an adult individual and resident of Holly Springs, Marshall County, Mississippi.

12. Defendant, Walter L. Doty ("Defendant Doty" or "Mr. Doty") is, was, and at all times relevant hereto, an adult individual and resident of Cordova, Shelby County, Tennessee.

13. Upon information and belief, Defendant Hill can be properly served with process at his residence in Cordova, Shelby County, Tennessee, pursuant to Rule 4 of the Federal Rules of Civil Procedure.

14. Defendant, United States Marshals Service ("USMS") is, and at all times relevant hereto, an independent agency of the federal government of the United States of America, with headquarters located at Building CG-3, 15th Floor, Washington, D.C. 20530-0001.

15. Defendant, United States of America ("USA") may be serviced with process by this Honorable Court to Merrick Garland, Attorney General of the United States, Department of Justice, Room 5111, 10th and Constitution Ave, NW, Washington, D.C. 20530 and Joseph C. Murphy, Jr., U.S. Attorney, Western District of Tennessee, 167 N. Main Street, Suite 800, Memphis, TN 38103.

16. Defendants USMS and United States of America are, and at all times relevant hereto, appropriate defendants under the Federal Tort Claims Act ("FTCA") (28 U.S.C. § 2671, *et seq.*).

17. Defendant Doty is, was, and at all times relevant hereto, an employee, agent, officer and/or servant of the Defendant, United States Marshals Service, and/or the United States of America.

18. Defendant, Doty is, was, and at all times relevant hereto, acting within her official capacity and within the course and scope of her employment, agency and/or service as an employee, agent, officer and/or servant of the Defendant, United States Marshals Service, and/or the United States of America.

19. In the alternative, if at the time of the subject accident, Defendant Doty, was not acting within the course and scope of her employment, agency and/or service with Defendant USMS, Plaintiff's cause of action arises in tort under, and by virtue, of the laws of the State of Tennessee and the ordinances of the Metropolitan Government of the City of Memphis, Shelby County, Tennessee against Defendant Doty individually.

## FACTUAL ALLEGATIONS

20. On February 6, 2020, Plaintiff, Meriaka J. Hill, was operating a motor vehicle (specifically, a 2004 Saab 9-3, bearing Mississippi license plate number MHB5860) (assumed to be owned by and registered in the name of Wesley Pearson)) ("Plaintiff's Vehicle") that was travelling eastbound on Ridgeway Boulevard, near the intersection of Ridgeway Boulevard and Hickory Hill Road, in Memphis, Shelby County, Tennessee.

21. At the aforementioned time and place, Defendant, Walter L. Doty ("Defendant Doty" or "Mr. Doty"), was operating a motor vehicle (specifically, a 2018 Ford F150, bearing Tennessee license plate number 623185V) (assumed to be owned by and registered in the name of the Defendant, United States Marshals Service)) ("USMS Vehicle") that was travelling eastbound on Ridgeway Boulevard, near the intersection of Ridgeway Boulevard and Hickory Hill Road, in Memphis, Shelby County, Tennessee.

22. However, suddenly and without warning, Defendant Doty negligently and carelessly failed to maintain a proper lookout for traffic, and failed to maintain proper control of the USMS Vehicle, when he failed to see Plaintiff's vehicle when he entered Plaintiff's lane of travel, which caused the USMS Vehicle that was being operated by Defendant Doty to forcefully strike the front, left side of Plaintiff's Vehicle, thereby proximately causing the subject accident.

23. The impact of the collision of Plaintiff's Vehicle and the USMS Vehicle was so great that it threw Plaintiff about in the vehicle, thereby causing serious, painful and permanent injuries to Plaintiff.

24. Shortly thereafter, Plaintiff was transported from the scene of the accident by Emergency Medical Services ("EMS") to Saint Francis Hospital in Memphis, Tennessee for treatment for her injuries resulting from the subject accident.

25. At the time of the subject accident on February 6, 2020, Defendant Doty negligently operated or maintained the USMS Vehicle, so that it collided with Plaintiff's Vehicle, thereby proximately causing the subject accident.

26. Immediately following the subject accident, Defendant Doty was issued a citation by the Memphis Police Department for failing to maintain a safe lookout while operating the USMS Vehicle, in violation of section 21-88.2 of the Shelby County Municipal Code of Ordinances.

27. As the direct and proximate result of the negligence of Defendant Hill in causing the subject accident, Plaintiff, Meriaka J. Hill, suffered serious, painful and permanent injuries, as well as mental anguish.

28. Additionally, Plaintiff also incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future, in an effort to treat her injuries resulting from the subject accident.

29. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

30. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

31. Additionally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

32. Finally, at, or prior to, the time of the subject accident, Plaintiff was operating her vehicle in a reasonable and safe manner, and she was not in violation of any applicable laws or local ordinances.

## **AGENCY**

33. At, or prior to, the time of the subject accident on February 6, 2020, and at all times relevant hereto, Defendant, Walter L. Doty ("Defendant Doty" or "Mr. Doty"), was an employee, agent, officer and/or servant of Defendant, United States Marshals Service ("USMS"), and/or the United States of America.

34. At, or prior to, the aforementioned date, and at all times relevant hereto, Defendant Doty was employed by Defendant USMS as a Detective and was allowed and required to operate vehicles, such as the USMS Vehicle that was involved in the subject accident, as part of his position.

35. At, or prior to, that date, and at all times relevant hereto, Defendant Doty was acting within his official capacity and within the course and scope of his employment, agency and/or service as an employee, agent, officer and/or servant of Defendants USMS and the United States of America, while she was operating the USMS Vehicle at, or prior to, the time of the subject accident.

36. Furthermore, at or prior to, the time of the subject accident, Defendant Doty was operating the USMS Vehicle (which is specifically described in the foregoing Complaint), which was registered to Defendant USMS, and was owned and controlled by Defendants USMS and the United States of America, at that time and at all times relevant hereto.

37. Consequently, at that time, Defendant Doty was operating the USMS Vehicle with Defendants, USMS and the United States of America's authority, consent and knowledge, pursuant to section 55-10-311(a) of the Tennessee Code Annotated.

38. Finally, at or prior to the time of the subject accident, Defendant Doty was also operating the USMS Vehicle for Defendant, USMS's use and benefit, and within the course and

7

scope of his employment as an agent, employee, officer and/or servant of Defendants USMS and the United States of America, in accordance with Tenn. Code Ann. §§ 55-10-311(a) and 55-10-312(a).

39. As such, Defendants, USMS and the United States of America, are vicariously liable for the negligent actions of its agent, officer, servant and/or employee, Defendant Doty, which were the direct and proximate cause of the subject accident and Plaintiff's resulting injuries.

### I. COUNT I – NEGLIGENCE CLAIM AGAINST DEFENDANT, WALTER L. DOTY

40. The allegations contained in paragraphs 1 – 36 of the foregoing Complaint are re-alleged and incorporated herein.

41. At, or prior to, the time of the subject accident on February 6, 2020, Defendant, Walter L. Doty ("Defendant Doty"), negligently operated and/or maintained the USMS Vehicle, which was the proximate cause of the subject accident.

42. Specifically, at or prior to, the time of the subject accident, Defendant Doty committed and was guilty of multiple acts of common law negligence, each and every one of which was a direct and proximate cause of the subject accident and Plaintiff's resulting injuries and damages, which include, but are not limited to the following:

   a. Failing to devote full time and attention to the operation of the USMS vehicle;

   b. Failing to maintain a proper lookout for oncoming traffic and traffic ahead, including Plaintiff's Vehicle;

   c. Failing to maintain proper control of the USMS Vehicle, specifically by:

      i. Improperly entering Plaintiff's lane of travel;

   ii. Driving said vehicle too fast under the conditions prevailing;

 d. Failing to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of himself and others properly upon the aforementioned street; and finally, by

 e. Failing to control the movement, momentum for direction of travel of said vehicle, or to turn or guide the same, as it was his duty to do so, so as to avoid causing a collision to occur, then and thereby injuring Plaintiff.

43.  Moreover, at the time of the subject accident, the following local, municipal ordinances of the City of Memphis, Shelby County, Tennessee were in full force and effect and were violated by Defendant Hill, which constitutes negligence *per se*:

**Sec. 11-16-2**  **Duty to devote full time and attention to operating vehicle.**

"It is unlawful for a driver of a vehicle to fail to devote full time and attention to operating such vehicle when such failure, under the then existing circumstances, endangers life, limb or property."

**Sec. 11-16-3**  **Duty to drive at safe speed, maintain lookout and keep vehicle under control.**

"Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver shall:

 A.  Operate his or her vehicle at a safe speed;

 B.  Maintain a safe lookout;

 C.  Use due care to keep his or her vehicle under control."

**Sec. 11-16-44**  **Reckless driving.**

"Any person who drives any vehicle in a willful or wanton disregard for the safety of persons or property is guilty of reckless driving."[2]

---

[2] See sections 11-16-2, 11-16-3, 11-16-7 and 11-16-44 of the Shelby County Code of Municipal Ordinances.

44. Additionally, at the time of the subject accident, the following statutes of the State of Tennessee were in full force and effect and were violated by Defendant Doty, which also constitutes negligence *per se*:

§ 55-8-131  **Vehicle entering highway from drive, private road, or private driveway.**

"The driver of a vehicle about to enter or cross a highway from a drive, private road, or private driveway shall yield the right-of-way to all vehicles approaching on the highway. As used in this section, 'drive' has the same meaning as defined in § 55-8-128."

§ 55-8-197  **Failure to yield right-of-way.**

"(a) Any person who violates subdivisions (a)(1)-(6) and the violation results in an accident resulting in serious bodily injury to or death of any person shall be guilty of a misdemeanor:

…..

(3) Section 55-8-128, § 55-8-129, § 55-8-130 or § 55-8-131 by failing to yield the right-of-way as provided in those sections;

(b) For the purposes of this section, unless the context otherwise requires, serious bodily injury" means:

(1) Substantial risk of death;

(2) Serious disfigurement; or

(3) Protracted loss or impairment of the function of any bodily member, organ or mental faculty.

(c)

….

(2) A violation of subsection (a) is a Class A misdemeanor if the accident results in the death of another."

§ 55-10-205  **Reckless driving.**

10

> "(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving."

### § 55-8-136     <u>Drivers to exercise due care.</u>

> "(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm."[3]

45. Moreover, as a direct and proximate result of the negligent act(s) and/or omission(s) of Defendant Doty in causing the subject accident, as specifically set forth above, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

46. Additionally, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in an effort to treat her injuries.

47. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

---

[3] See Tenn. Code Ann. §§ 55-8-131, 55-8-197, 55-10-205 and 55-8-136, relevant portions of which are quoted above in the foregoing Complaint.

48. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

49. Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Meriaka J. Hill, demands judgment for damages against Defendant, Walter L. Doty.

## II. COUNT II – VICARIOUS LIABILITY CLAIM AGAINST DEFENDANTS, UNITED STATES MARSHALS SERVICE AND THE UNITED STATES OF AMERICA

50. The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

51. Defendants, United States Marshals Service ("USMS") and the United States of America ("USA"), is vicariously liable for the negligent act(s) and/or omission(s) of its agent, officer, servant and/or employee, Defendant Walter L. Doty (Defendant Hill"), specifically his negligent operation of the USMS Vehicle, at, or prior to, the time of the subject accident on February 6, 2020.

52. Specifically, at, or prior to, the date of the subject accident, and at all times relevant hereto, Defendant USMS was owner of the USMS Vehicle and said vehicle was registered in the name of Defendant USMS.

53. Additionally, on that date, Defendant Doty was employed as Defendants', USMS and USA, agent, officer, employee and/or servant;

54. As such, pursuant to Tenn. Code. Ann. §§ 55-10-311(a) and 55-10-312(a), Plaintiff has prima facie evidence that Defendant Doty, as Defendants', USMS and USA, agent, officer, employee and/or servant, was operating the USMS Vehicle at, or prior to, the time of the subject

accident for Defendants', USMS and USA, "use and benefit" and "within the course and scope" of Defendant Doty's agency and/or employment with Defendant USMS, the owner of the USMS Vehicle.[4]

55. Accordingly, Defendants, USMS and USA, are vicariously liable for the negligent act(s) and/or omission(s) of its agent, officer, employee and/or servant, Defendant Doty (specifically, his negligent operation of the USMS Vehicle at, or prior to, the time of the subject accident), in accordance with Tenn. Code Ann. §§ 55-10-311(a) and 55-10-312(a).

56. Moreover, as a direct and proximate result of the negligent act(s) and/or omission(s) of Defendants', USMS and USA, agent, officer, employee and/or servant Defendant Doty, in causing the subject accident, as specifically set forth above, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

57. Additionally, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in an effort to treat her injuries.

58. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

59. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

60. Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Meriaka J. Hill, demands judgment for damages against Defendants USMS and USA.

---

[4] See Tenn. Code Ann. §§ 55-10-311(a) and 55-10-312(a).

### III.    COUNT III- NEGLIGENT ENTRUSTMENT CLAIM AGAINST DEFENDANTS USMS AND USA

61.    The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

62.    On, or prior to, the date of the subject accident on February 6, 2020, and at all times relevant hereto, Defendants, United States Marshals Service ("USMS") and United States of America ("USA"), owned and/or had sufficient control over the USMS Vehicle at the time that Defendant USMS entrusted said vehicle to Defendant, Walter L. Doty ("Defendant Doty").

63.    Moreover, on the aforementioned date, Defendant Doty was a permissive user of the USMS Vehicle at, or prior to, the time of the subject accident.

64.    Additionally, on or prior to that date, Defendants, USMS and USA, were aware that Defendant Doty was incompetent and unfit to operate the USMS Vehicle that was driven by Defendant Doty and owned by Defendant USMS at the time of the subject accident.

65.    Specifically, on or before the aforementioned date, Defendants, USMS and USA knew or should have known that Defendant Doty as its agent, officer, servant and/or employee, was incompetent and unfit to operate the USMS Vehicle that was driven by Defendant Doty and owned by Defendant USMS at the time of the subject accident.

66.    Despite having actual and/or constructive knowledge of the fact that Defendant Doty was incompetent and unfit to operate the USMS Vehicle, Defendants, USMS and USA entrusted Defendant Doty to operate a service vehicle on public roadways and interstate highways.

67.    Consequently, as a direct and proximate result of the negligence of Defendants, USMS and USA, in entrusting operation of the USMS Vehicle on public roadways and interstate

highways to its agent, officer, employee and/or servant, Defendant Doty, the subject accident occurred.

68. Additionally, as a direct and proximate result of the negligence of Defendants USMS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

69. Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

70. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

71. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

72. Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Meriaka J. Hill, demands judgment for damages against Defendants USMS and USA.

### IV. COUNT IV- NEGLIGENT HIRING CLAIM AGAINST DEFENDANTS USMS AND USA

73. The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

74. On, or prior to, the date of the subject accident on February 6, 2020, Defendants, United States Marshals Service ("USMS") and United States of America ("USA"), hired Defendant, Walter L. Doty ("Defendant Doty") as a driver of postal service vehicles and entrusted Defendant Hill to operate a postal service vehicle on public roadways and interstate highways.

75. At the time of hiring, Defendants, USMS and USA performed either no background check or an inadequate background check on Defendant Doty.

76. Consequently, as a direct and proximate result of the negligence of Defendants, USMS and USA, in hiring Defendant Doty without performing a background check, or by performing inadequate background check, on Defendant Doty, Ms. Doty was permitted to operate a service vehicle on public roadways and interstate highways, which caused the subject accident to occur.

77. Additionally, as a direct and proximate result of the negligence of Defendants, USMS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

78. Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

79. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

80. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

81. Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Meriaka J. Hill, demands judgment for damages against Defendants USMS and USA.

### V. COUNT V- NEGLIGENT SUPERVISION CLAIM AGAINST DEFENDANT USMS AND USA

82. The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

83. On, or prior to, the date of the subject accident on February 6, 2020, and at all times relevant hereto, Defendants, United States Marshals Service ("USMS") and United States of America ("USA"), was responsible for the actions of all of its agents, officers, servants and/or employees who were acting within the course and scope of their employment and/or agency, including Defendant, Walter L. Doty ("Defendant Doty").

84. Defendants, USMS and USA, through their agents, officers, servants and/or employees, breached this duty in one or more of the following ways by:

    a. Failing to properly supervise Defendant Doty in his operation of service vehicles, such as the USMS Vehicle;

    b. Failing to properly manage Defendant Doty in his operation of service vehicles, such as the USMS Vehicle;

    c. Failing to properly train Defendant Doty on the proper operation of service vehicles, such as the USMS Vehicle, including by:

        i. Failing to properly train Defendant Doty on how to maintain a proper lookout for oncoming traffic;

        ii. Failing to properly train Defendant Doty on how to maintain proper control of service vehicles, such as the USMS Vehicle;

        iii. Failing to properly train Defendant Doty on how to maintain proper control of service vehicles, such as the USMS Vehicle, so as to avoid improperly entering other lanes of traffic;

        iv. Failing to properly train Defendant Doty on how to properly yield to oncoming traffic; and finally by,

        v. Failing to properly train Defendant Doty to use that degree of care and caution as was required under the existing circumstances and conditions for the safety of

     himself and others properly upon the aforementioned street in operating postal service vehicles, such as the USMS Vehicle.

  d. Failing to prevent Defendant Doty, who was supposed to be trained on the proper operation of postal service vehicles, such as the USMS Vehicle, from committing negligent acts while operating said vehicle at, or prior to, the time of the subject accident;

  e. Negligently failing to enforce reasonable safety policies and procedures; and

  f. Being otherwise negligent in the training and supervision of Defendant Doty who was charged with operating a service vehicle, such as the USMS Vehicle, on public roadways and interstate highways at, or prior to, the time of the subject accident.

85. Consequently, as a direct and proximate result of the negligence of Defendants, USMS and USA, in failing to properly supervise and properly train Defendant Doty as its agent, officer, employee and/or servant, the subject accident occurred.

86. Additionally, as a direct and proximate result of the negligence of Defendants, USMS and USA, Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish resulting from the subject accident.

87. Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

88. Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

89. Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

90. Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE**, Plaintiff, Meriaka J. Hill, demands judgment for damages against Defendant USMS and USA.

### VI.  DAMAGES

91.  The allegations contained in paragraphs 1 – 36 of the Complaint are re-alleged and incorporated herein.

92.  As a direct and proximate result of the negligence and negligence *per se* of the Defendants, as set out and alleged by Plaintiffs in Counts I-V above, the subject accident occurred and Plaintiff suffered serious, painful and permanent injuries, as well as mental anguish as a result.

93.  Furthermore, Plaintiff incurred doctor, medical, hospital and other bills in an effort to cure her injuries and she will likely incur additional expenses in the future in treating her injuries.

94.  Moreover, Plaintiff's capacity for pleasure, business, work and the enjoyment of life have also been impaired as a result of the accident.

95.  Furthermore, these losses are either permanent or continuing and Plaintiff will continue to suffer said losses in the future.

96.  Finally, as a result of the subject accident, Plaintiff's Vehicle was damaged and Plaintiff lost use of it during the period required for its repair or replacement.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS:**

1.  That proper process issue against the Defendants requiring them to plead and answer.

2.  For judgment to be entered in the Plaintiff's favor against the Defendants for compensatory damages, as set forth above, in the amount of ONE HUNDRED SIXTY THOUSAND DOLLARS ($160,000.00).

3. That Plaintiff be awarded the court costs of trying this action and for all costs to be taxed to the Defendants.

4. That Plaintiff be granted whatever other relief, general or specific, which this Court deems to be equitable and just.

5. Finally, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 17th day of February, 2022.

    /s/: Larry "Jimmy" Peters, Esq.
Larry "Jimmy" Peters, Esq. (#37889)
Email: jpeters@schwedlawfirm.com
Attorney for Plaintiff
Schwed, Adams & McGinley, P.A.
88 Union Center
88 Union Avenue
11th Floor, Suite 1100
Memphis, Tennessee 38103
Telephone: (901) 313-3411
Facsimile: (901) 577-1400